UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **SHELIA ZINNERMAN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| **TAYLOR-WHARTON CRYOGENICS, LLC,** ) | **JURY TRIAL DEMANDED** |
| **ARGUS MANAGEMENT, CORPORATION** ) | |
| **AND WORTHINGTON INDUSTRIES,** ) | |
| **INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, **Shelia Zinnerman** ("Zinnerman" or "Plaintiff"), by and through undersigned counsel and files this Complaint Against **Taylor-Wharton Cryogenics, LLC** ("Taylor", "Defendant" or "Defendants"), **Argus Management Corporation** ("Argus", "Defendant" or "Defendants") and **Worthington Industries, Inc.** ("Worthington", "Defendant" or "Defendants") as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

2. The Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination Employment Act, 29 U.S.C. § 621, et seq.

3.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4.     Plaintiff Zinnerman is an African-American female who is at least 50 years old, is a citizen of the United States and resides in Mobile County, Alabama, which is in this judicial district.

5.     Defendant Taylor is a foreign limited liability company with its principal place of business at 56000 Rowland Road, Suite 170, Minnetonka, Minnesota 53343, operating in Mobile County, Alabama.

6.     Defendant Argus is a foreign corporation with its principal place of business at One Grafton Common, Suite 23, Grafton, Massachusetts 01519, operating in Mobile County, Alabama.

7.     Defendant Worthington is a foreign corporation with its principal place of business at 200 West Old Wilson Bridge Road, Columbus, Ohio, 43085, operating in Mobile County, Alabama.

## STATEMENT OF FACTS

8.     Plaintiff began working for Taylor in May 1994, in the Accounting Department. She then moved into the Customer Service Department, was promoted to a Customer Service Supervisor, and then moved into the Sales Department. Part of the sales Plaintiff handled included Cryo-Science sales, she was an exemplary employee, leader in the sales department, and always had positive reviews..

9.     In April 2014, Plaintiff was working in the Inside Sales Department and was asked to also assist in the Customer Service Department due to problems. Plaintiff successfully worked in both departments, basically handling two full-time jobs, improved customer service and was still

a sales leader.

10. Upon information and belief, Plaintiff had an exemplary employment record during her employment with Taylor, which included over $2,000,000.00 in Cryo-Science sales.

11. Further, Plaintiff always received positive evaluations in her 20+ years while working at Taylor and was capable enough to handle multiple responsibilities successfully as demonstrated by her work in the Inside Sales Department and Customer Service Department from April 2014.

12. During her 20+ year career with Taylor, Plaintiff was the only African-American in the Accounting, Sales and Customer Service Departments. She was also the only female in the Sales Department.

13. In October 2015, Taylor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in the District of Delaware.

14. Argus was hired through the Bankruptcy Court to act as Chief Restructuring Officer (CRO) in order to assist Taylor with the winding down of the company and selling of its assets.

15. Plaintiff, along with other employees were to assist Argus with the winding down of Taylor's business, and transition to Worthington. Plaintiffs job was to help keep the sales going and help with customer service. Two vital and essential functions.

16. During the transition, every other employee except for the Plaintiff was offered a retainer fee of at least two months of salary.

17. Every transition employee except for Plaintiff was Caucasian.

18. Plaintiff questioned why she did not receive the retainer fee and was told by Martin Hopkins with Argus that the transition team would only be working for approximately three (3) weeks. This was a lie. In fact, the transition team was in place from the beginning of December 2015, to the date Plaintiff was terminated on March 30, 2016.

19. In December 2015, Worthington purchased Taylor's assets. The transition employees including Plaintiff, were hired by Express Employment, Inc. as temporary workers to work on behalf of Worthington for the full transition to Worthington.

20. Worthington asked for the ex-Taylor/Argus employees to submit their applications for full employment with Worthington. Plaintiff, along with at least three other white males did so. Plaintiff was the most qualified, had the most experiences in sales, had the best track record in sales, and had been with the company since 1994.

21. Among other the other employees that applied were:

   a. <u>Matthew Seeds</u> - White male in his 60's with 6 years experience at Taylor; Mr. Seeds was also the Manager of the Customer Service Department when Plaintiff was asked to return to that department along with continue her job in the Sales Department due to the poor quality of customer service;

   b. <u>Marvin Brown</u> - White male in his 60's with 35 years experience at Taylor; and,

   c. <u>Joe Kuntz</u> -46 year old white male with 2 years experience at Taylor, whose previous employer prior to Taylor was Waffle House.

22. Worthington representatives(s) interviewed the applicants including plaintiff. During the process, Matthew Seeds, of Taylor/Argus, told Plaintiff that "I wanted you to know that I tried to be fair in my recommendations." Plaintiff thought this was odd, as it was her who had helped get him hired several years ago, and why would he be involved as another applicant. In any event, Mr. Seeds then returned with envelopes and handed them out in front of the employees to the three white males and turned away from Ms. Zinnernan.

23. Worthington hired the three white males over the Plaintiff despite them not having any to little in sales experience.

24. Other than Mr. Brown, Plaintiff had more experience and knowledge than Mr. Seeds and Mr. Kuntz and a proven success record of sales.

25. Plaintiff could not believe it, and she requested feedback from Worthington's representative as to why she, who was a single mother and needed the job, and who had the most experience, the most training, and best and most proven track record was not hired. Worthington stated that they probably made a mistake, only time would tell, but they relied on Argus/Taylor's recommendations.

26. Worthington did took further advantage of Plaintiff and had her train the three white males that had chosen over her. An offer Plaintiff was unable to refuse due to her financial status. Thus, she worked for a month having to train the white males in how to do her job so they could take over her job. It was humiliating to say the least.

27. Plaintiff has filed a timely charge of discrimination based on gender, race and age with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right to Sue.

### COUNT ONE
### Racial and Sex Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. 2000e. et seq.

28. Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

25. Plaintiff applied for the position with Worthington. Plaintiff was terminated and not offered a position with Worthington due to her race and gender even though she possessed the most superior skills for the job, and proven to successfully work in multiple departments within the company. The Defendant Worthington instead hired only white males.

26. Despite reasonable efforts, Plaintiff has been unable to find comparable employment.

27. Due to Defendants' discrimination, Plaintiff has suffered and continues to suffer

substantial losses, including loss of past and future earnings, including commissions, and employment benefits.

28.     Plaintiff also continues to suffer from embarrassment, humiliation, anguish and other incidental and consequential damages and expenses.

29.     Defendants' conduct intended to injure the Plaintiff and was done so with indifference to Plaintiff's protected rights, and therefore Plaintiff is entitled to punitive damages.

## COUNT TWO
### Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. 621

30.     Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

31.     Plaintiff was terminated and not offered a position with Worthington due to her age even though she possessed the skills to successfully work in multiple departments within the company.

32.     The Defendants' conduct as alleged herein constitutes discrimination based on age in violation of the ADEA.

33.     Plaintiff is entitled to compensatory, punitive and liquidated damages, along with any other relief that is just and equitable.

## COUNT THREE
### Retaliation

34.      Plaintiff incorporates herein each and every statement contained in this Complaint as if set forth herein.

35.     Plaintiffs previous employers Taylor/Argus, agents and representatives, including Matthew Seed, gave Plaintiff false, defamatory and discriminatory recommendation and referral

when asked by Worthington representatives for their input during the application process.

36. The Defendants Taylor and Argus's conduct as alleged herein constitutes discrimination in violation of Title VII of the *Civil Rights Act of 1964* 42 U.S.C. 2000e. et seq.. Defendants gave improper and incorrect referral and recommendation, or lack thereof, so that the white males would hired and Plaintiff, a black female, would not.

39. Plaintiff is entitled to compensatory, puntive, and liquidated damages, along with any other relief that is just and equitable.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the Honorable Court award her:

(a) Actual damages for loss of wages, commissions, and benefits to include an award of back pay for all lost salary, and front pay for loss of future salary and benefits;

(b) Damages to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

(c) Punitive damages;

(d) Liquidated damages for Plaintiff's age discrimination claim;

(e) Reasonable attorney's fees and costs; and,

(f) Such other and further relief this Court may deem just and proper.

### JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,

*/s/ Adam M. Milam*
ADAM M. MILAM (MILAA2597)
*Counsel for Plaintiff, Sheila Zinnerman*

OF COUNSEL:
MILAM & MILAM, LLC
2206 Main Street
Daphne, AL 36526
Tel: (251) 928-0191
Fax: (844) 273-4029
amilam@milam-law.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL**

Taylor-Wharton Cryogenics, LLC
c/o CSC Lawyers Incorporating Services Inc., Registered Agent
150 S. Perry Street
Montgomery, AL 36104

Argus Management Corporation
c/o John G. Haggerty, Registered Agent
15 Keith Hill Road
Suite 100
Grafton, MA 01519

Worthington Industries, Inc.
C/o Dale T. Brinkman, Registered Agent
200 Old Wilson Bridge Road
Columbus, OH 43085