# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEILA ZINNERMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 17-00123-KD-B |
| | ) | |
| TAYLOR-WHARTON CRYOGENICS, | ) | |
| LLC, and WORTHINGTON INDUS. INC., | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's motion to amend the complaint and a proposed second amended complaint (Docs. 31, 32), Defendant Taylor-Wharton Cryogenics, LLC (Taylor)'s renewed Rule 12(b)(6) motion to dismiss the claims against it in first amended complaint and opposition to the second amended complaint (Docs. 35, 36), Defendant Worthington Industries, Inc. (Worthington)'s objection to the second amended complaint (Doc. 37), Plaintiff's responses (Docs. 40, 43) and Defendant Taylor's Reply (Doc. 44).

## I.  Background

This case stems from Plaintiff Sheila Zimmerman (Plaintiff)'s employment with Taylor-Wharton Cryogenics, LLC (Taylor) from 1994 through 2016.  (Doc. 24).  Specifically, on October 7, 2015, while Plaintiff was employed, Taylor filed a voluntary Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District Delaware, 15-12075-BLS.  In December 2015, Worthington purchased Taylor's assets, and Plaintiff was employed as a temporary worker for Worthington as part of the transition.  Thereafter, Zinnerman submitted an application for full employment with Worthington, but was not hired.  Per Plaintiff, after considering a recommendation from Taylor, Worthington hired white males "over the Plaintiff despite them not having any to little in sales experience."  Taylor was "laid off" on March 30,

1

2016. (Doc. 15-1 (EEOC Charge)).

On May 5, 2016, Plaintiff filed a proof of claim in the Taylor Chapter 11 bankruptcy case, asserting a general unsecured claim for alleged race, sex and age discrimination claiming $300,000 in damages and lost wages (yet to be determined), based on her April 14, 2016 EEOC Charge of Discrimination. (Doc. 15-1 (EEOC Charge); Doc. 35-1 (Proof of Claim)). On September 20, 2016, the Bankruptcy Court issued a Confirmation Order, confirming the joint plan for liquidation of Taylor. (Docs. 35-2).

On March 17, 2017, Plaintiff Sheila Zimmerman (Plaintiff) initiated the current race and age discrimination case -- pursuant to Title VII, 42 U.S.C. § 2000e (Civil Rights Act of 1964) and 29 U.S.C. § 621 et seq. (Age Discrimination in Employment Act (ADEA)) -- against Taylor, Argus Management Corp. (Argus) and Worthington Industries, Inc. (Worthington). (Doc. 1). On April 14, 2017, Worthington filed its answer. (Doc. 9). On April 18, 2017, Argus and Taylor filed a joint motion to dismiss. (Doc. 15). On May 3, 2017, Plaintiff filed a first amended complaint and stipulated to the voluntary dismissal of Defendant Argus. (Docs. 23, 24). On May 4, 2017, Defendant Argus was dismissed. On May 17, 2017, Worthington filed its answer to the first amended complaint. (Doc. 27). Also on this date, Taylor filed a motion to dismiss the first amended complaint. (Doc. 28). On June 8, 2017, Plaintiff filed a motion to file a second amended complaint and proposed second amended complaint. (Docs. 31, 32). Per Court Order on June 13, 2017, Taylor's motion to dismiss (Doc. 15) the original complaint was found moot per Plaintiff's filing of the first amended complaint (Doc. 24), and Taylor's motion to dismiss (Doc. 28) was found moot as Docs. 15, 26 had been mooted. (Doc. 33).

That result left pending Plaintiff's motion to amend the complaint with a second amended complaint (Docs. 31, 32), which was filed outside the timeframe for filing an amended complaint

"as a matter of course" under Rule 15, such that any amendment could be effected only with the opposing party's "written consent or the court's leave" per Fed. R. Civ. P. 15(a)(2). (Id.) As Plaintiff's motion (Docs. 31, 32) provided no indication of consent, the Court was left to determine whether justice required granting leave. (Doc. 33). The Court ordered briefing by the parties. (Id). On June 22, 2017, the Defendants filed their respective objection and response to the proposed second amended complaint (Docs. 36, 37), and Plaintiff replied (Doc. 40). Also on that date, Taylor filed a "renewed" Rule 12(b)6) motion to dismiss Plaintiff's first amended complaint. (Doc. 35). On July 13, 2017, the Court ordered the parties to respond to Taylor's Rule 12(b)(6) motion to dismiss the claims alleged against it in the first amended complaint, and Plaintiff filed a response (Doc. 43) and Taylor replied (Doc. 44).

## II. Discussion

Plaintiff seeks to amend her complaint a second time, "as her matter of right" under Rule 15 "with no new substantive allegations" but to "clearly and separately allege the counts: Counts One and Two against Worthington, and Counts Three and Four against Taylor." (Doc. 31 at 1). Plaintiff asserts that the counts against defendant Taylor should not be dismissed due to Taylor's bankruptcy, and stipulates to limit her recovery against Taylor to the insurance proceeds for any settlement, verdict or judgment in this case, adding that "insurance proceeds, under these circumstances, are not part of a debtor's bankruptcy estate." (Id.) Plaintiff contends that her filing of a proof of claim in the bankruptcy court does not change said stipulation, and Defendant Taylor "would be free to assert a set-off if there was recovery in the bankruptcy case." (Id.) Plaintiff adds she is "willing to stipulate to limit her recovery to only non-estate insurance proceeds then the case should proceed as not affecting the bankruptcy estate." (Id. at 2). In the alternative, Plaintiff argues that if the Court finds that her filing a proof of claim in the

bankruptcy court "somehow prevents an insurance proceeds only stipulation, then the only claims against Taylor should be dismissed without prejudice based on the bankruptcy, and the case should proceed on the counts against Worthington." (Id.)

In response, Worthington objects to Plaintiff's motion to file a second amended complaint "to address the bankruptcy" of Taylor because this "was one of the stated purposes of the First Amended Complaint" and Taylor's bankruptcy "certainly was well known" to her at the time she filed this case. (Doc. 37 at 1). In the alternative, Worthington requests that if Plaintiff is allowed to amend a second time, the Court condition this leave on her reimbursement of Worthington's attorneys' fees (in being required to respond to the Second Amended Complaint, as "the amendments have not been directly related to the claims against it, yet it is being forced to incur unnecessary expense due to" her dilatory efforts to correctly plead her claims). (Id.)

In response, Taylor opposes the second amended complaint, arguing that it is futile because the complaint, even as amended a second time, will still be subject to dismissal as to the claims against Taylor. (Doc. 36). In support, Taylor asserts that: 1) the proposed second amended complaint is "substantively identical" the first amended complaint; and 2) Plaintiff's claims against Taylor "are subject to the Bankruptcy Court's jurisdiction" and her claims "violate the Bankruptcy Court's plan injunction." (Id. at 1-2). Taylor contends that because Plaintiff filed a Proof of Claim in Taylor's bankruptcy case, she subjected her discrimination claim against Taylor to *that* court's jurisdiction per Lagenkamp v. Culp, 498 U.S. 42, 45 (1990) (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58 (1989). Moreover, Taylor adds that while Plaintiff agrees to stipulate to limit her recovery in this case to the insurance proceeds, Taylor has not agreed to such stipulation and "is not at liberty to do so due to the significant retention" on its insurance policy. (Id. at 3). Further, Taylor moves to dismiss the claims

4

Plaintiff asserted against it in the *first* amended complaint.

At the outset, Plaintiff incorrectly asserts that she is amending her complaint a second time "as a matter of right." As explained in the Court's prior order (Doc. 33 at 3), as Plaintiff *already* amended her complaint once "as a matter of course," the proposed second amended complaint is a filing *outside* the Rule 15 timeframe for such amendments (but within the deadline to amend pleadings). Plaintiff may thus only amend the complaint with the opposing party's consent or the court's leave. Fed.R.Civ.P. 15(a)(2). As there is no indication of consent in the filing (and current briefing indicates that neither party consents), the Court is left to consider whether "justice so requires" that leave should be given under the circumstances.

Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend a pleading "when justice so requires." Fed.R.Civ.P. 15(a)(2). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors…including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same). Based on the Court's review of this case, there is no indication that Plaintiff has acted in bad faith, engaged in undue delay or exhibited a dilatory motive, or that undue prejudice will result from permitting the amendment -- suggesting that interests of justice indicate that it should be permitted. Borden, Inc. v. Florida East Coast Ry.

5

Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in….Rule 15 particularly, favoring the liberality of amendment"); Dussouy v. Gulf Coast Invest. Co., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading[]"). However, because granting Plaintiff leave to file a *second* amended complaint will *again* moot Taylor's "renewed" motion to dismiss (which seeks dismissal of the claims against it in the *first* amended complaint) the Court turns to the defendants' objections to Plaintiff's proposed second amended complaint based on futility.

Plaintiff explains that she seeks to amend because the first amended complaint, as "plead….could be interpreted, although incorrectly" to allege claims against Worthington and Taylor as "one and the same[.]" (Doc. 40 at 1). For Plaintiff, the second amended complaint is necessary to separate the claims against Worthington and Taylor "in case Taylor's motion to dismiss due to bankruptcy was granted; then the case could proceed subject to court approval against Worthington." (Doc. 40 at 1). The Court has compared the first amended complaint with the proposed second amended complaint and agrees with Plaintiff that the first amended complaint does not specifically differentiate the claims against each defendant. In contrast, the proposed second amended complaint clearly specifies which claims are alleged against which defendant: Counts One and Two against Worthington; and Counts Three and Four against Taylor. As to Worthington, this clarifies the claims against it. As to Taylor, this clarifies the claims against it, *but returns the Court back to the futility argument* – i.e., if Plaintiff's claims against Taylor are impermissible in this Court due to the bankruptcy case, it would be futile to grant her leave to file the second amended complaint, at least as to Taylor.

For futility, Taylor contends that granting Plaintiff's amendment will result in "the merits

of Plaintiff's claims" against it being "pending simultaneously in this Court and in the United States Bankruptcy Court[]" and that Plaintiff's filing of this action violates the bankruptcy court's Confirmation Order (and injunction provision). (Doc. 35 at 6 (and citing Paragraph 22 (Injunction), Doc. 35-2, p. 29)). Taylor relies on Paragraph 22 of the Plan, which provides that "all entities who have held, hold, or may hold Claims against or Interest in the Debtors or the Estate that arose prior to the Effective Date are permanently enjoined" from commencing any action or proceeding against the Liquidating Trust, Trustee or any property of the Debtors "with respect to any such Claim or Interest….." (Doc. 35-2, p. 29). Bankruptcy Code 11 U.S.C. § 101(15) defines "[t]he term 'entity' includes [a] person[,]" such as Plaintiff. From this, Taylor contends that Plaintiff was enjoined from having commenced this lawsuit against it.

Per the U.S. Supreme Court in Granfinanciera, 492 U.S. at 58–59, and n. 14, the filing of a claim against a bankruptcy estate by a creditor triggers the process of "allowance and disallowance of claims," thereby subjecting itself to the bankruptcy court's equitable power. "The Supreme Court's holdings in *Granfinanciera* and *Langenkamp* leave no doubt that the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has been invoked by the filing of a claim." In re Sea Island Cotton Trading, Inc., 2000 WL 33952877, *1 (S.D. Ga. Jul. 25, 2000) (citing Travellers Int'l AG. v. Robinson, 982 F.2d 96, 100 (3rd Cir.1992)). Per Sea Island:

> The act of filing a proof of claim in a bankruptcy case submits the creditor to the equitable jurisdiction of the bankruptcy court. In the *Langenkamp* case, after recognizing that the filing of a claim by a creditor triggers the claim allowance process, the Supreme Court stated:
>
>> If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity ... In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction….

> *Langenkamp*, at 45 (citations omitted)….Defendants initiated the claims allowance process by filing their proofs of claim. Upon the filing of the claim in the bankruptcy case, Defendants subjected themselves to the equitable jurisdiction of this Court….

Id. at *2.

There is no dispute that Plaintiff filed a Proof of Claim in the bankruptcy case. There is also no dispute that Plaintiff's May 2016 Proof of Claim is based on discriminatory acts alleged to have occurred before the issuance of the Confirmation Plan order (she was no longer employed as of March 2016 while the Plan/Order issued September 20, 2016). By filing the proof of claim she submitted herself to the jurisdiction of the Bankruptcy Court. Thus, the Bankruptcy Court's injunction appears to apply to plaintiff's complaint in this case. Plaintiff has given this court no basis for determining otherwise. Accordingly, the motion to amend is **DENIED (Doc. 31)** and the motion to dismiss Taylor-Wharton as a party is **GRANTED (Doc 35).**

Further, Worthington opposes the amendment to the extent it is incurring attorneys' fees and expenses to litigate Plaintiff's re-alleging of claims against *the other* defendant. Despite Worthington's position, this is part of the litigation process and Worthington has not established that any fees/expenses are being incurred unnecessarily. As such, it is **ORDERED** that Worthington's request for fees and expenses is **DENIED.**

**DONE** and **ORDERED** this the **8th** day of **November 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**