IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEILA ZINNERMAN,      )<br>     Plaintiff,           )<br>                              )<br>vs.                          )<br>                              )<br>WORTHINGTON INDUSTRIES, INC.,  )<br>     Defendant.          ) | CIVIL ACTION 1:17-00123-KD-B |

**ORDER**

This matter is before the Court on Plaintiff Sheila Zinnerman's Rule 59(e) motion[1] to alter, amend or vacate the Court's May 7, 2018 summary judgment ruling and accompanying final judgment (Docs. 70, 71). (Doc. 72).

The Eleventh Circuit has summarized the limited scope of relief available under Rule 59(e):

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). See also Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59[]"); Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed[]"). "The extremely limited nature of the Rule 59(e) remedy cannot be overstated…[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the court was required

---

[1] Plaintiff's motion is timely filed within 28 days after entry of the judgment, per Federal Rule of Civil Procedure Rule 59(e).

1

to grant the motion.' Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted)." Lee v. Thomas…2012 WL 3137901, *2 at note 1 (S.D. Ala. Aug. 1, 2012). Further, "[t]here is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments….if accepted, the latter essentially affords a litigant "two bites at the apple." American Home Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

At the outset, Zinnerman does not present newly discovered evidence or argue a manifest factual error, and thus appears to base her Rule 59(e) request exclusively on the summary judgment ruling constituting a "manifest error of law." Specifically, Zinnerman's Rule 59(e) motion disputes the following "constrictively concluded" findings by this Court: 1) Zinnerman cannot establish pretext by simply arguing that she was better qualified; 2) even assuming the proffered reasons by Worthington are false, Zinnerman has failed to show that discrimination was the real reason she was not hired; and 3) Zinnerman failed to present a convincing mosaic from the circumstantial evidence because evidence of dislike -- without more -- is not actionable discrimination.[2] Zinnerman asserts that because she "never simply argued that the Court should find pretext solely because she was better qualified, and because she did provide more than simple evidence of dislike, the Court should reconsider its opinion and order." (Doc. 72 at 2).

Zinnerman contends further, that the Court placed an undue burden on her: namely, "that she must do more than demonstrate a *prima facie* case and put forth evidence that the employer's proffered reasons are false." (Id. at 3 (citing Williams v. Vitro Serv. Corp, 144 F.3d 1438, 1441 (1998) and Combs v. Plantation Patterns, 106 F.3d 1519, 1532 (11th Cir. 1997)). According to

---

2 Zinnerman relies upon Thomas v. Home Depot USA, Inc., 2018 WL 1952698 (11th Cir. Apr. 25, 2018) (unpublished), Combs v. Plantation Patterns, 106 F.3d 1519, 1532 (11th Cir.1997), Williams v. Vitro Services Corp., 144 F.3d 1438, 1441 (11th Cir. 1998); Ash v. Tyson Foods, Inc., 644 F.3d 883, 895 (11th Cir. 2011) and Vessels v. Atlanta Ind. Sch. Sys., 408 F.3d 763, 772 (11th Cir.2005).

Zinnerman, once she has established the proffered reasons are false, summary judgment is precluded -- without regard to whether the reasons were motivated by and/or involve any discriminatory aspect. In short, Zinnerman takes issue with her pretext burden, and the Court's assessment of same.

As noted in this Court's ruling, the Supreme Court explained that the pretext argument Zinnerman proposes here lacks merit:

> …[the proposed argument is that] if the plaintiff provides the asserted [nondiscriminatory] reason to be *false*, the plaintiff wins. But a reason cannot be proved to be a "pretext *for discrimination"* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.…
>
> ***
>
> … [the proposed argument is] to mean that "the ultimate burden of persuading the court that she has been the victim of intentional discrimination" is *replaced* by the mere burden of "demonstrat[ing] that the proffered reason was not the true reason for the employment decision." But that would be a merger in which the little fish swallows the big one. Surely a more reasonable reading is that proving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination.…
>
> ***
>
> ….Undoubtedly some employers (or at least their employees) will be lying. But even if we could readily identify these perjurers, what an extraordinary notion that we "exempt them from responsibility for their lies" unless we enter Title VII judgments for the plaintiffs! Title VII is not a cause of action for perjury; we have other civil and criminal remedies for that. The…notion of judgment-for-lying is seen to be not even a fair and evenhanded punishment for vice, when one realizes how strangely selective it is: The employer is free to lie to its heart's content about whether the plaintiff ever applied for a job, about how long he worked, how much he made—indeed, about anything and everything *except* the reason for the adverse employment action. And the plaintiff is permitted to lie about absolutely *everything* without losing a verdict he otherwise deserves. This is not a major, or even a sensible, blow against fibbery….
>
> ….Title VII does not award damages against employers who cannot prove a nondiscriminatory reason for adverse employment action, but only against employers who are proven to have taken adverse employment action by reason of (in the context of the present case) race [and/or other discrimination]. That the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason of race [and/or other discrimination] is correct.….

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515-517, 521, 523-524 (1993) (emphasis in original)

(discussing the dissent in Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, at 253, 258 (1981)).  See also Guasch v. Carnival Corp., 2018 WL 777174, *2 (11th Cir. Feb. 8, 2018) ("If a plaintiff makes out a prima facie case, and the defendant establishes a legitimate, nondiscriminatory reason for its allegedly discriminatory action, the plaintiff must show that such a reason is merely a pretext for its true discriminatory purpose…..the plaintiff must show that the reason is both false and that the underlying discriminatory reason is impermissible…").  See, e.g, Springer v. Convergys Customer Mgt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007); Brooks v. County Comm'n of Jefferson Cty., Al., 446 F.3d 1160, 1163 (11th Cir. 2006); Hillerman v. University of Central Fla., 167 Fed. Appx. 747, 749 (11th Cir. 2006); Denny v. City of Albany, 247 F.3d 1172, 1188 (11th Cir. 2001); Matthews v. City of Mobile, Al., 2016 WL 1736061, *11 (S.D. Ala. May 2, 2016).  As a result, based on Supreme Court (and subsequent Eleventh Circuit) precedent, Zinnerman's prextext burden is two-fold: 1) to establish that the reason is false; and 2) to establish that discrimination is the real reason.

      Moreover, Zinnerman's reliance on Thomas v. Home Depot USA, Inc., 2018 WL 1952698, *3-4 (11th Cir. Apr. 25, 2018) is inapposite.  In that case, the Eleventh Circuit found the lower court erred on summary judgment, and concluded that the evidence presented by the plaintiff, together with a certain comment, was sufficient to allow a reasonable juror to disbelieve Home Depot's proffered nondiscriminatory reason.  Id.  Here, however, Zinnerman did not produce "evidence sufficient to cast doubt on defendant's proffered non-discriminatory reason." Id. at 4.  Zinnerman's argument focuses on whether she submitted evidence sufficient to cast doubt on "*the* reason" (including the incorrectness of it), not the "non-discriminatory reason" (whether involving discriminatory animus, basis, etc.).  There is a difference.  Eleventh Circuit case law consistently instructs the district courts to not re-examine or second guess an employer's business decisions --

even if incorrect, unwise, unsound, irrational, etc. -- but to limit the inquiry to whether the decision was discriminatory. "Federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken…..our inquiry is limited to whether the employer gave an honest explanation of its behavior.'" Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000). "The question to be resolved is not the wisdom or accuracy of [the employer's] conclusion...or whether the decision…was prudent or fair….our soul concern is whether unlawful discriminatory animus motivated the decision." Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1266 (11th Cir. 2010) (internal quotation and citation omitted). In sum, "Title VII does not require that the employer's decision be rational or that an employer hire or promote the most qualified applicant, nor does it even guarantee success for those having greater merit. Title VII only requires that the employer make such decisions without regard to race, sex, religion, color, or national origin [or protected conduct]." Smith v. Alabama Dept. of Public Safety, 64 F.Supp. 2d 1215, 1228 (M.D. Ala. 1999) (quoting Harris v. Delchamps, Inc., 5 F.Supp. 2d 1316, 1321 (M.D. Ala. 1998) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1553 (11th Cir. 1984))).

As this Court's summary judgment ruling comports with binding precedent, there is "no manifest error of law" upon which Rule 59(e) relief may be granted. Thus, Zinnerman's motion (Doc. 72) is **DENIED.**

**DONE** and **ORDERED** this the **8th** day of **June 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**